IN THE INTEREST OF J.M.
No. 29152
Intermediate Court of Appeals of Hawaii.
March 6, 2009.
On the briefs:
Dean T. Nagamine, for Mother-Appellant.
Mark J. Bennett, Attorney General, Frederick J. Arensmeyer, Mary Anne Magnier, Deputy Attorneys General, for Appellee Department of Human Services
Kimberly S. Towler, for Guardian Ad Litem Program.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, NAKAMURA and LEONARD, JJ.
In this termination of parental rights matter, Mother-Appellant (Mother) appeals from the Family Court of the First Circuit's (Family Court's) Order Awarding Permanent Custody entered on April 17, 2008.[1] Permanent custody of J.M. (Child) was awarded to Department of Human Services (DHS).
Mother objects to the Family Court's Findings of Fact (FOFs) and Conclusions of Law (COLs) in total, inasmuch as they support the permanent custody award, and specifically challenges FOFs 27, 31, 32, 33, 42, 44, 45, and 46 and COLs 6, 8, and 9. The all-encompassing question presented by Mother on appeal is as follows:
Did the [Family Court] abuse its discretion by finding that there was clear and convincing evidence to conclude that [Mother] was not willing or able to provide a safe home for [Child], even with the assistance of a service plan, within a reasonable period of time, where the DHS was notified by one of its service providers that [Mother] may need a dual diagnosis treatment program, and in fact when [Mother] did of her own doing enter a dual diagnosis program she began to make substantial gains, which indicates that with the assistance of a service plan with the correct treatment recommendation, [Mother] could provide a safe home for [Child] within a reasonable period of time.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the issues raised by Mother as follows:
Mother raises cogent arguments that we have fully considered, even though it appears that some of them have been raised for the first time on appeal. We conclude, however, that the Family Court's determination that Mother is presently unwilling and unable and will not become in a reasonable period of time willing and able to provide a safe family home for the child regarding the termination of parental rights was supported by substantial evidence and therefore was not clearly erroneous. See In re Jane Doe, 101 Hawai`i 220, 227, 65 P.3d 167, 174 (2003). Mother's relapse into drug use in May of 2007 and her lack of candor with DHS regarding her relationship with Father supported the Family Court's determination. At trial, Kristina Moore, the therapist for Child, DHS case manager Gwen Murakami, CPS supervisor Kathleen Reeber, and volunteer guardian ad litem Kathleen Zane testified in favor of the termination of parental rights. Dr. Stephen Choy and Dr. Jean Adair-Leland testified that Mother required more than a few months and possibly a year or more to address her problems. Over two years had elapsed between the filing of the Petition and the commencement of trial on February 19, 2008.
Mother specifically identifies as error the FOFs that: (1) Mother continued to be at risk of relapsing into drug use; (2) DHS provided Mother with an appropriate service plan; and (3) Mother tested positive for illegal drugs several times during the pendency of this case. The finding that Mother continued to be at risk of relapsing was supported by substantial evidence. Gwen Murakami, former DHS case worker, testified that DHS was concerned about an ongoing pattern of Mother relapsing into drug use based on her drug test and Mother's appearance at visits with Child. Dr. Stephen Choy testified that six to seven months of abstinence does not mean that a person is cured of amphetamine dependence. He went on to testify that it would take twelve consecutive months of abstinence to reduce the risk of relapse to 20%.
Likewise, substantial evidence supported the finding that DHS provided Mother with an appropriate service plan. Mother specifically argues that DHS should have referred Mother to service providers for dual-diagnosis treatment. The asserted need for a dual-diagnosis program was based upon a contact by Terry Rami of Salvation Army ATF (ATF) with DHS. Mother had gone to ATF for an intake interview while intoxicated. DHS reported that "[t] here was some concern that she may need a dual-diagnosis program." However, the Clinical Psychological Evaluation of Mother did not include a recommendation of a dual-diagnosis program. Dr. Stephen Choy testified that the use of methamphetamine makes an accurate diagnosis of bipolar disorder very difficult. An extended period of abstinence from substance abuse is required before bipolar disorder can be ruled out. He would want no less than one year of abstinence. Furthermore, if Mother believed that she needed additional services, it was incumbent upon her to request such services. "Manifestly, a claim for additional services and accommodations must be timely made." In re Doe, 100 Hawai`i 335, 344, 60 P.3d 285, 294 (2002).
The Family Court may have overstated the frequency of positive drug test results by Mother. However, even if we conclude that the Family Court's reference to "several" positive test results was clearly erroneous, it would not make the ultimate conclusion of the Family Court clearly erroneous in light of the length of time Child has been in foster care and the timing of Mother!s last positive test result.
Mother also asserts that certain of the COLs were wrong because they were based on an old psychological evaluation and there was testimony at trial that the evaluation would benefit from an update. Mother fails to acknowledge that the same witness, Dr. Jean Adair-Leland, also testified that another psychological evaluation was unlikely to change the diagnosis.
We conclude that there is substantial evidence in the record to support the Family Court's April 17, 2008 Order Awarding Permanent Custody. Accordingly, we affirm.
NOTES
[1] The Honorable Linda K.C Luke presided.